### BANKERS' HOME BUILDING & LOAN ASS'N et al. v. WYATT.

#### No. 3870.

Court of Civil Appeals of Texas. Beaumont.

May 29, 1941.

Rehearing Denied June 18, 1941.

Jules Damiani, of Galveston, and John Broughton and B. C. Clark, both of Houston, for appellant.

Able & Stokes and Levert J. Able, all ·of Houston, for appellee.

WALKER, Chief Justice.

This was an action in trespass to try title in the district court of Harris County, by appellee, R. O. Wyatt, against appellants, Home Building and Loan Association, C. O. Reynolds and wife, Fanny F. Reynolds, and O. K. Willborg, to recover the title and possession of the following described lot or parcel of land in the City of Houston, Harris County: "The North one-half (½) of Lot ten (10), in Block twenty-nine (29), West University Place Addition in the City of West University Place in Harris County, Texas." Appellants answered by pleas of not guilty, etc., and appellant Reynolds answered, specially, claiming improvements in good faith and on his warranty over against his vendor Willborg. On trial to the court without a jury judgment was in favor of appellee against all appellants for the title and possession of the property sued for, and in favor of appellant Reynolds on his plea of improvements in good faith and on his warranty. The appeal was to the Galveston Court of Civil Appeals, and is on the docket of this Court by order of transfer by the Supreme Court. In support of the judgment, the trial court filed conclusions of fact and law.

The first point is that the court erred in finding that H. B. Schlesinger was the common surce of title: "It is appellants' contention that appellee has not proved common source." This point is overruled. In their abstract of title filed in the trial court appellants listed as the 68th item in their chain of title: "Conveyance from University Park Realty Company to H. B. Schlesinger, dated March 25, 1930, recorded in Vol. 824, at Page 614, Deed Records of Harris County, Texas,". In explanation of this item, appellants say: "There can be no doubt or argument but that the instrument referred to in item 68 was in fact the very instrument which appellants introduced to show that the property described in said deed was Lot 10-A in Block 29 and not the North one-half of Lot 10 in Block 29." In his fact conclusions the Court found that: "Lot 10-A is the North half of Lot 10, and is in fact the same land with respect to which this suit has been filed." As to this finding, appellants say:

"It is appellants' contention that evidence conclusively establishes that Lot 10-A and the North one-half of Lot 10 is one and the same piece of property." In his petition appellee sued for the North one-half of Lot 10 in Block 29; in their cross-action appellants alleged: " * * * in this suit the plaintiffs sue for recovery of Lot 10-A, Block 29." These facts support the trial court's conclusion that appellee and appellants claimed the land in controversy through and under H. B. Schlesinger as the common source. In fact, appellants concede the point in their brief: "Without admitting that appellee discharged his burden of proving common source, appellants say that the evidence shows that H. B. Schlesinger is the common source of title." If that point be conceded, appellants say that, under the evidence, they held the superior title under the common source. We give the facts on that issue.

Appellee's title: On April 25, 1929, Marine Bank and Trust Company recovered judgment against H. B. Schlesinger and others, which was duly abstracted in

Harris County on October 13, 1930. On March 25, 1930, Union Bank and Trust Company conveyed by deed in writing the property in controversy to H. B. Schlesinger. By virtue of its abstracted judgment Marine Bank and Trust Company had a lien against the property in controversy to secure the payment of its judgment. On February 5, 1938, at execution sale under the judgment of Marine Bank and Trust Company against Schlesinger, appellee bought the Schlesinger title. On this statement appellee held a regular chain of title under the common source.

Appellants' chain of title: On the 12th day of December, 1932, in an action against Houston Westend Realty Company, O. K. Willborg recovered judgment foreclosing a paving lien against the property in controversy. H. B. Schlesinger was a defendant in that suit, and on the 2nd of December, 1932, he filed his disclaimer. The judgment recited that H. B. Schlesinger was the record owner but had not been assessed, and no personal judgment was entered against him. Order of sale issued on the judgment in that case, directing that the property be sold to satisfy Willborg's debt, and that "the remainder, if any, to be paid to the defendant, H. B. Schlesinger". Sale of the property was duly made under the order of sale to Willborg on the 7th day of February, 1933. On the 21st of December, 1935, in suit No. 211781, O. K. Willborg v. Pleas B. Kennerly et al., judgment was rendered in favor of the plaintiff against Pleas B. Kennerly, the Fidelity & Deposit Company of Maryland, Marine Bank and Trust Company, and others, in which it was recited that Willborg was the owner of this property by virtue of the deed of February 7, 1933, and that he recover the title as against all the defendants. In its answer, Marine Bank and Trust Company disclaimed any "right, title or interest" in or to said property. Defendant Reynolds holds his title immediately under a deed from Willborg dated the 23rd day of April, 1936. We quote as follows from the court's conclusions of facts: "The suit of Willborg v. Kennerly, in which Marine Bank & Trust Company was a defendant, was for title to Lot 10-A and, having no resort to pleadings, I am not at liberty to conclude that the lien of Marine Bank & Trust Company

against Schlesinger was litigated or was intended to be litigated, and I hold that it was not litigated, and I find also that the Marine Bank & Trust Company did not own or claim title and could not have asserted any title as against the title of plaintiff, and that the disclaimer although including the words "right, title and interest", is limited as a matter of fact and as a matter of law to the title and to such right and interest as might arise from the title or be claimed under title. Since the Marine Bank & Trust Company could not urge the lien as a defense against Willborg's suit for title, the failure of the judgment to mention the lien convinces the Court that it was not affected by the judgment."

■■■ Willborg, through whom appellants hold, took his title by purchase of date the 7th day of February, 1933, under foreclosure on his judgment of date December 12, 1932. No fact was found by the court suggesting that his lien, foreclosed by the judgment of December 12, 1932, was superior to the abstract of judgment lien of the Marine Bank and Trust Company. Again: Though Marine Bank and Trust Company was a party to Willborg's action in trespass and to try title, No. 211781, wherein he recovered judgment for the title and possession of the property in controversy against all the defendants, including Marine Bank and Trust Company, the judgment in that case did not impair to the least extent the abstract of judgment lien held by Marine Bank and Trust Company against the property in controversy. The trial court correctly concluded that the disclaimer filed by Marine Bank and Trust Company was "limited as a matter of law to the title and to such right and interest as might arise from title or be claimed under title." The following authorities support this conclusion of law by trial court: Burks v. Burks, Tex.Civ. App., 141 S.W. 337; Morrow v. Morgan, 48 Tex. 304. That the disclaimer was as to all "right, title and interest" did not put in issue the lien of Marine Bank and Trust Company. 41 Tex.Jur. 570.

It follows that the judgment of the lower court should be in all things affirmed, and that it is accordingly so ordered.

Affirmed.