# JUNE, 1942

BANKERS HOME BUILDING & LOAN ASSOCIATION ET AL V.
R. C. WYATT.

No. 7902. Decided June 3, 1942.
(162 S. W., 2d Series, 694.)

*B. C. Clark, John Broughton* and *Walter C. Clemons,* all of Houston, for plaintiffs in error.

*Able & Stokes,* of Houston, for defendants in error.

MR. JUDGE SMEDLEY delivered the opinion of the Commission of Appeals, Section B.

The trial court's judgment in favor of defendant in error against plaintiffs in error for the title and possession of an

improved lot in the City of West University Place in Harris County, with allowance of $3,210.00 in favor of plaintiffs in error Reynolds and wife for the value of improvements made in good faith, was affirmed by the Court of Civil Appeals. 153 S. W. (2d) 216.

H. B. Schlesinger was the common source of title, the lot having been conveyed to him March 25, 1930. Marine Bank & Trust Company, on April 25, 1929, procured a judgment against Schlesinger and others and on December 24, 1930, caused an abstract of the judgment to be filed for record in the office of the county clerk of Harris County, thereby fixing a lien against the lot. A fourth execution issued on the said judgment was levied on the lot as the property of Schlesinger and it was sold thereunder and conveyed by the sheriff to defendant in error Wyatt on March 1, 1938. The foregoing is defendant in error's chain of title.

Plaintiffs in error claim title as follows: A paving lien against the lot was foreclosed by judgment rendered December 12, 1932, in a suit in which O. K. Willborg was plaintiff and H. B. Schlesinger and others were defendants, and at sheriff's sale under the judgment of foreclosure the lot was sold and conveyed to O. K. Willborg on February 7, 1933. In another suit in district court of Harris County brought by O. K. Willborg against Ples B. Kennerly, Marine Bank & Trust Company and others, judgment was rendered on December 21, 1935, divesting out of the defendants and vesting in the plaintiff O. K. Willborg all right, title and interest held or claimed by the defendants in and to the said lot. Willborg conveyed the lot to plaintiffs in error Reynolds and wife. Plaintiff in error Bankers Home Building & Loan Association is the owner of a note, executed by Willborg and assumed by Reynolds, secured by a deed of trust in renewal of a mechanic's lien note and contract.

The controlling question in the case is whether the judgment rendered in district court in the suit by Willborg against Ples B. Kennerly, Marine Bank & Trust Company and others cut off or extinguished Marine Bank & Trust Company's judgment lien against the lot. The Court of Civil Appeals held that "the judgment in that case did not impair to the least extent the abstract of judgment lien held by Marine Bank & Trust Company against the property in controversy."

The contention made by defendant in error and sustained both by the trial court and by the Court of Civil Appeals is that the judgment rendered in the cause styled Willborg v. Kennerly et al was a judgment in a trespass to try title suit and did not affect the judgment lien, because such suit litigates only the question of title and the right of possession and does not dispose of or attempt to adjudicate a lien. In our opinion both courts erred in sustaining the contention.

■ The judgment is not ambiguous and is to be construed as it is written. Since the terms of the judgment clearly show what was finally determined by the court, there is no occasion for resort to the pleadings or to other parts of the record. Permian Oil Co. v. Smith, 129 Texas 413, 448-449, 460, 467-469, 73 S. W. (2d) 490, 107 S. W. (2d) 564; 111 A. L. R. 1152; Freeman on Judgments (5th Ed.) Vol. 1, pp. 132-136, Secs. 76, 77.

■ Prior to the institution of the suit by Willborg against Kennerly and others and the rendition of the judgment therein Marine Bank & Trust Company held a judgment lien against the lot. The judgment in Willborg's suit against Kennerly and others named the bank and trust company as one of the parties defendant, recites that all defendants have been duly served with citations, that each of the defendants has filed disclaimer, that the court after hearing the evidence finds that the plaintiff Willborg is the owner in fee simple of the lot, describing it, and is justly entitled to title and possession thereof, and thereupon orders, adjudges and decrees that "all right, title and interest now and heretofore held or claimed by the aforesaid defendants in and to the land and premises aforesaid be and the same is hereby divested out of said defendants and is hereby vested in plaintiff O. K. Willborg." This clear, comprehensive language, in our opinion, is an adjudication by the court that the plaintiff's right and title to the lot is paramount and superior to any right or claim of any character that the defendants or any of them may have or assert in or to the lot and that it is the intention of the court by the judgment to invest the plaintiff, as against the defendants, with the full, unincumbered fee simple title.

Defendant in error assumes from the form of the judgment that the suit was a formal action of trespass to try title. He cites cases which hold that a mortgagee has no right of possession and cannot recover in trespass to try title, and

draws the conclusion that, because the lien holder does not have title and has no right of possession, his lien is not, and cannot be, in any way affected or impaired by a judgment in an action of trespass to try title.

■ The petition in the case was not offered in evidence. The only pleading offered, if it is correctly described as a pleading, was the disclaimer filed by Marine Bank & Trust Company. To it defendant in error objected because it was not listed in the abstract of title filed by plaintiffs in error. In the absence of evidence as to what the pleadings were it must be assumed that the issues or question determined by the judgment were within the scope of the pleadings. The petition may have been a formal petition in trespass to try title against the party defendant in possession or claiming title, with added allegations that certain defendants, including Marine Bank & Trust Company, were asserting liens against the property that were inferior and subordinate to plaintiff's title and with prayer that plaintiff's title be adjudged to be superior to the claims of all of the defendants and that all rights, titles and interests claimed or asserted by them be divested out of them and vested in the plaintiff. A party who seeks to limit the meaning and effect of a judgment by confining it to the scope of the pleadings should offer the pleadings in evidence.

■■ It is not an uncommon practice for a plaintiff in an action of trespass to try title to join as defendants all persons who assert liens against or claims of any character in or to the premises, to the end that he may by the judgment obtain not only title and the right to possession, but also a clear and unincumbered title. If a defendant is the holder of an existing lien to which the plaintiff's title is subject or subordinate, proof that there is such lien will not defeat the plaintiff's title and right to possession, but it will cause the judgment, if correctly drawn, to provide that the plaintiff's recovery of title and possession is subject to the lien. Thus a valid existing lien may afford a partial defense against the plaintiff's suit for title in that it may prevent the recovery of an unincumbered title. If Marine Bank & Trust Company had not disclaimed in the suit by Willborg against Kennerly et al and if the court had determined that Willborg's title was subordinate or subject to the bank and trust company's lien, the judgment awarding title and possession to Willborg would have provided for the continued existence of the lien. It contains no such provision, but on the contrary it divests Marine Bank & Trust

Company of all right, title and interest which it holds or claims in or to the premises and vests the same in the plaintiff Willborg.

The conclusions stated are not inconsistent with Burks v. Burks, 141 S. W. 337, 339, (application for writ of error refused). That case and the authorities which it cites hold that a mortgagor's right to recover title and possession against the mortgagee does not depend upon the extinction of the lien held by the mortgagee. They do not hold that the lien cannot be extinguished by a judgment in which the mortgagor recovers title and possession.

A lien holder does not have title to the land. For some purposes and within the meaning of certain statutes, a lien is not classified as an interest in land. And although the word "right" is broad enough to embrace whatever may be lawfully claimed, it has been held in another state that a judgment lien is not a proprietary right in land, but is merely a right given the judgment lien creditor to levy on land of the judgment debtor for the purpose of satisfying the judgment to the exclusion of any right which may have accrued to others since the attachment of the lien. Jones v. Hall, 177 Va. 658, 15 S. E. (2d) 108, 110. It is our opinion, however, that the judgment in the case of Willborg v. Kennerly et al, in its use of all three words, right, title and interest, preceded by the word "all" and followed by the phrase "now and heretofore held or claimed by the aforesaid defendants," clearly discloses the intention of the court to embrace within and affect by the judgment every claim of whatever character the defendants may have had or asserted in, to or concerning the premises. We conclude that the judgment cut off and extinguished the lien and that defendant in error acquired no title under the foreclosure sale thereafter attempted to be made.

■ Defendant in error makes the further contention that the lot or tract of land described in the judgments and deeds through which plaintiffs in error claim title is not the same lot or tract as that for which he sues.

The petition describes the land sought to be recovered as the north half of lot 10 in block 29, West University Place Addition in the City of West University Place in Harris County. The sheriff's deed to defendant in error, executed in the attempted foreclosure sale under the judgment lien, contains the

same description. The deed to Schlesinger, the common source of title, describes one of the lots conveyed as lot 10A, block 29, West University Place Addition, Harris County, and the two judgments and the deeds in plaintiffs in error's chain of title describe the property as lot 10-A in block 29, University Park Realty Company's subdivision of said block of record in book 9, page 13, of the plat records of Harris County.

The trial court's findings with respect to the identity of the property are confusing and in a measure contradictory. At one place in them the statement appears that the court has "concluded as a proven fact that for all practical purposes lot 10-A is the north half of lot 10, and is in fact the same land with respect to which this suit has been filed." Elsewhere in the findings the trial court states that it holds that the designation lot 10A, block 29 in the second plat "does not in and of itself identify the lot as being the north half of lot 10, block 29," and that it finds as a matter of fact and as a matter of law that the deed from Willborg to Reynolds did not purport to convey the north one-half of lot 10, block 29.

Plaintiffs in error by assignments and propositions in their brief filed in the Court of Civil Appeals, challenging those parts of the trial court's findings with respect to the identity of the lots that are unfavorable to them, present the contention that the undisputed evidence shows that lot 10-A, block 29, described in the two judgments and in the deed from Willborg to Reynolds, is the same lot or tract of land as the north half of lot 10 in block 29 described in defendant in error's petition and in the sheriff's deed to him. This question was not discussed in the opinion of the Court of Civil Appeals, its judgment of affirmance being rendered on its decision that the judgment in the suit to which Marine Bank & Trust Company was a party did not impair the judgment lien. It is our opinion, after a careful examination of the evidence, including the testimony of the witnesses, the two plats, and the documentary evidence, that it conclusively appears therefrom that lot 10-A, block 29, as shown by University Park Realty Company's replatting and renumbering of certain of the lots in West University Place Addition is the same lot or tract of land as the north half of lot 10, block 29, of West University Place Addition described in the petition in this case.

It is sufficient to state in brief summary of the substance and effect of the evidence that it demonstrates conclusively

that, after West University Place Addition had been divided into blocks and lots and a plat of the addition filed for record, University Park Realty Company became the owner of many of the lots 100 by 150 feet in dimension, including lot 10, block 29 in that addition, and caused to be made and filed for record a new plat by which each of the lots owned by the company was divided into two lots 50 feet by 150 feet in size and the lots renumbered, so that what had been the north half of the lots on the original plat was designated by its number given on the original plat with the letter "A" added and what had been the south half was designated by the same number with the letter "B" added, without changing the blocks or the streets and without affecting the location of the lots in the blocks. In this way the north half of lot 10, block 29 became lot 10-A, block 29.

Defendant in error relies upon a part of the testimony of a civil engineer, who was called as a witness by plaintiff in error, as sufficient to raise an issue of fact. The substance of that part of the testimony of the witness is that he could not determine *from the second plate itself* the distance from the south line of lot 10-B to the corner of the block, because the plat was not drawn accurately to scale and because there was nothing on the plat showing that distance. This part of the testimony in our opinion neither contradicts nor discredits the testimony of the witness when the whole of his testimony is taken in consideration, for by it the witness clearly shows from work done by him on the ground and from the application of the results of that work to the two plats that lot 10A delineated on the second plat is the same lot or tract of land as the north half of lot 10 on the first plat.

The trial court should have rendered judgment for plaintiffs in error. The judgment of the Court of Civil Appeals and the judgment of the district court are reversed and judgment is here rendered that defendant in error take nothing by his suit against plaintiffs in error, and that plaintiffs in error C. O. Reynolds and wife take nothing by their cross action for damages for breach of covenant against plaintiff in error, O. K. Willborg.

Opinion adopted by the Supreme Court June 3, 1942.