**Mrs. Dora WOOD et vir, Appellants,**

v.

**Ignacio COSME et ux., Appellees.**

**No. 300.**

Court of Civil Appeals of Texas.

Houston (14th Dist.).

Nov. 19, 1969.

Sam Lee, Angleton, for appellants.

Wiley Thomas, Thomas & Stewart, Angleton, for appellees.

BARRON, Justice.

This is an appeal from a judgment entered by the Court of Domestic Relations of Brazoria County, Texas on May 21, 1969 in favor of Mary Trevino Cosme and husband, Ignacio Cosme, for the adoption of Carmela Loraine Delgado, a minor, and against Mrs. Dora Wood and husband, James Wood. The minor child is the daughter of Mrs. Dora Wood, formerly known as Dora Mateus. The trial court overruled Mr. and Mrs. Wood's plea of res judicata and estoppel by judgment, which said pleas were based on a prior suit between the same litigants and a final judgment therein rendered by the same trial court on February 3, 1969. The instant case was tried by the court without a jury. The trial court granted the petition for adoption under Article 46a, R.C.S. of Texas, Section 6, on the theory that appellant, Mrs. Dora Wood, the mother of said child, had voluntarily abandoned said child for a period of two years and had not contributed substantially to the support of said child during such period of two years or more commensurate with her financial ability.

Mrs. Dora Wood and husband, appellants, contend that the trial court erred in overruling their pleas of res judicata and estoppel by judgment; in holding that appellants' consent for adoption was not required based on the alleged voluntary aban-

donment and desertion by her since an agreement between the parties negates such abandonment and desertion as a matter of law; in holding that Dora Wood's alleged failure to support her minor daughter for more than two years commensurate with her financial ability was so against the overwhelming weight and preponderance of the evidence as to be clearly wrong; and in considering the report of the investigator because said report was not introduced in evidence at the trial and the investigator was not called as a witness and subject to cross-examination.

The appellant, Mrs. Dora Wood (formerly Dora Mateus), and appellee, Mrs. Ignacio Cosme, are sisters. On July 7, 1958, Dora Mateus gave birth to Carmela Loraine Delgado in Los Angeles, California. The appellant was at the time of the child's birth in strained financial circumstances, and one of her sisters, Miss Olivia Trevino (not a party to this suit) was staying with her prior to the birth of the child. Appellant and William Delgado, the father of the child involved, were never lawfully married, and the father's whereabouts has been unknown at all times material to this suit. Carmela was brought into the home of appellees when she was from one month to six weeks of age. Appellee, Mary Cosme, testified that her sister, appellant, called her by telephone and asked appellee whether she wanted to come and get the baby. Appellee replied that she would do so, and appellee went to Los Angeles from Angleton, Texas for that purpose. When appellee arrived in Los Angeles, appellant stated that she couldn't keep the child, and asked appellant to take the baby back to Texas. Appellee informed appellant that she would take the child back to Texas if the mother, Dora, would not want the baby back. Appellant replied that she would not want the baby returned as long as appellee would tell the child that Dora was her real mother and if appellee would not change her name. Mrs. Cosme agreed to the conditions, and she testified that she asked Dora again whether she was going to change her mind; that if she intended to do

so Mrs. Cosme would not take the child with her, because she would become attached to her and could not give her up. Appellee replied that she would not again try to take the child, and that Mrs. Cosme could keep her and raise her the best way she could. Mrs. Cosme later admitted on cross examination that she took Carmela under an agreement with Dora that the child would not be adopted.

Carmela has lived in the home of appellees since shortly after her birth, and she has seen her natural mother only a few times since that time. Mrs. Cosme took her back to California to visit with her mother when the child was about three years of age, and Dora came from California to Angleton about two years after the first visit. The subject of Dora taking custody of the child was never mentioned. Visits were made by Dora to Texas at least two more times. On one occasion Dora returned to attend her mother's funeral. In September, 1958, only two months after the birth of the child and within one month after the voluntary delivery of custody to Mrs. Cosme, Dora was employed by Occidental Life Insurance Company in the capacity of key punch operator at a salary between $290 and $300 per month, amounting annually to $3,480–$3,600. The appellant remained in the employment of Occidental for two years, until 1960, during which time she apparently became, either by common law marriage or through a marriage ceremony in Mexico, the wife of Andre Mateus, with whom she remained until the parties were divorced in August, 1966. A child, Elizabeth, was born as issue of that marriage in 1960. During that period of time Dora was supported by Mr. Mateus, who was working for a Los Angeles newspaper. In 1960, approximately two years after Carmela was born, appellant ceased her employment with Occidental and began working for the Tidewater (now Getty) Oil Company, again as a key punch operator, at an initial salary of $450 per month. After her first year her salary was increased to $466 per month, or about $5,592 annually, when Carmela

was approximately three years old. Her employment has continued with Getty up to the present time, and she is now earning $644 per month, or $7,728 annually, with an increase in the amount of 3% as of June 1, 1969, and 4% as of December, 1969. On December 10, 1968, appellant married James Wood, who operates an insurance agency in Los Angeles. Mrs. Cosme testified that in the period of more than 10 years from August 12, 1958 to May 1, 1969, the total amount of money received by her from appellant for the support and maintenance of the child, Carmela, was not in excess of $800. This testimony was contradicted by appellant who testified that she first sent $60 every two weeks, and that until 1965 she sent "regular monthly payments," and that from 1965 to May 1, 1969 she sent money. Dora testified that in the two years preceding the hearing on May 1, 1969, she was sending $70 per month. She testified that she sent the money in cash and had no substantial record concerning the payments. Dora further testified that she bought furniture, clothing, gifts and other items for Carmela during this extended period of time, but her testimony was disputed by Mrs. Cosme and her sister, Olivia Trevino, who testified that the gifts were few and occasional, and that the money sent was at irregular intervals and amounted only to approximately $10 in cash most of the time. The record does show, however, that appellant at the time of Carmela's birth and thereafter had in force a policy of health and accident insurance. In 1968 she was issued a "family life insurance plan" under which her two children, Elizabeth and Carmela, are entitled to receive $5,000 each upon Dora's death. She set up an educational fund with Getty Oil Company in 1964 for the benefit of the two children, the amount of that fund now being $3,178.85.

Carmela is in the fifth grade in public school, and she has until recently done well. She was eleven years of age in July, 1969, and she has been provided for in an excellent manner. The record shows that she loves appellees as her own parents and that she worries about possibly having to leave them.

The events leading up to appellant's plea of res judicata and estoppel by judgment are as follows:

On April 2, 1965, appellees, Ignacio Cosme and wife, Mary Trevino Cosme, in Cause No. 45,486, styled Ex Parte Carmela Loraine Delgado, were granted the right to adopt the said Carmela Loraine Delgado pursuant to petition filed by them in said cause on the 17th day of February, 1965.

On July 18, 1968, the appellant, Mrs. Dora Wood, who at that time was named Mrs. Dora Mateus, and who was a widow, filed Cause No. 49,884, in the District Court of Brazoria County, Texas, which was in the nature of a bill of review to set aside the said adoption granted in Cause No. 45,486 for failure to give notice to her as the non-consenting natural parent of the child. See Armstrong v. Manzo, 380 U.S. 545, 85 S.Ct. 1187, 14 L.Ed.2d 62; Gunn v. Cavanaugh, 391 S.W.2d 723, (Tex.Sup.).

The defendants in Cause No. 49,884, Ignacio Cosme and wife, Mary Trevino Cosme, who are appellees herein, filed their first amended original answer and cross-action in said Cause No. 49,884 on November 25, 1968. The answer of the defendants, Cosme, contained the usual general denial, certain special pleas and a plea of laches, as well as a plea of estoppel. The cross-action filed by the Cosmes, appellees, was the usual standard petition for adoption, and in said cross-action the appellees, defendants in said Cause No. 49,884, prayed "that the court order a proper investigation to be made of the former environments and antecedents of said minor child for the purpose of ascertaining whether said child was a proper subject for adoption, and of the home of the cross-plaintiffs, to determine whether it is a suitable home for said child," and for the change of name of said child from Delgado to Cosme.

In Cause No. 49,884, after a jury trial, judgment was entered on February 3, 1969, in favor of Mrs. Mateus, the appellant here, who is now named Mrs. Wood, and the adoption was in all things set aside. Defendants, appellees herein, were ordered to deliver the child into the custody of Mrs. Mateus. The judgment in Cause No. 49,884 recites that all parties came in person and through their respective attorneys of record "and both parties announced ready for trial." The judgment further reads that "The defendants' cross-action and all relief prayed for therein is hereby denied for the reason that the Respondents presented no evidence in support of said cross-action."

The defendants, appellees herein, duly filed their motion for new trial on February 12, 1969. The same was overruled by operation of law.

On March 19, 1969, the present plaintiff-appellees filed a new and different petition for adoption, the same being No. 50,920 and styled Ignacio Cosme et ux vs. Mrs. Dora Wood and husband, James Wood. Such new suit is the instant action now under review. Appellants filed their answer to appellees' petition for adoption and included in the answer pleas of res judicata and estoppel by judgment by reason of the judgment of the same court in Cause No. 49,884 above. Appellants' pleas were each overruled by the trial court. Mrs. Dora Wood (Mateus) and husband have appealed the judgment and rulings of the trial court.

■ The contention of appellants that the trial court committed reversible error in failing to sustain their plea of res judicata poses a serious question. Appellants cite Ogletree v. Crates, 363 S.W.2d 431, 435, (Tex.Sup.), and similar authority in support of their position that such plea should have been sustained by the trial court. In that case the Supreme Court held that the rule of res judicata bars litigation of all issues connected with a cause of action or defense which, with the use of diligence, might have been tried in a former trial, as well as those which were actually tried. It is undisputed and the record clearly shows that appellees filed a cross-action in Cause No. 49,884, in which they pled all the issues necessary for the granting of an adoption just as they did in the instant case. The trial court in Cause No. 49,884 submitted only one issue to the jury inquiring whether Dora Mateus discovered or should have discovered that Carmela had been adopted by the Cosmes in April, 1965, more than one year prior to July 18, 1968. The jury found the issue in favor of Dora Mateus. Appellees contend that their cross-action in the prior suit had been withdrawn or abandoned prior to the trial court's submission of the case to the jury, and that therefore such prior suit cannot bar the instant action. See Ware v. Jones, 242 S.W. 1022, (Tex.Com.App.); Rackley v. Fowlkes, 89 Tex. 613, 36 S.W. 77. And see Vance v. Wilson, 382 S.W.2d 107, 109, (Tex.Sup.). We have searched the record carefully, and we can find no evidence of abandonment of the cross-action by appellees unless it could be said that the submission of the single issue to the jury was an abandonment. A contention was made by counsel for appellees before the trial court during the hearing on the plea of res judicata that all causes and issues were abandoned by the parties except the issue of notice to Dora Mateus, but there is no document in evidence which casts any light upon that question. On the contrary, the judgment in Cause No. 49,884 is clear that all parties announced ready for trial on the original action and the cross-action, and that the trial court denied the cross-action because cross-plaintiffs there (appellees here) failed to offer any proof in support of the cross-action. In a similar case, Hermann v. Allen, 103 Tex. 382, 128 S.W. 115, 116, the Supreme Court said:

"But we cannot concede that he can go to trial and submit his cause for decision

upon pleadings raising such an issue, and afterwards be heard to say that it was not involved in the final judgment merely because he introduced no evidence to sustain it and no mention was made of it. The absence of evidence constitutes the best of reasons for denying it, and the failure to sustain it is a denial of it."

See also Waggoner v. Knight, 231 S.W. 357, 360, (Tex.Com.App.); 34 Tex.Jur.2d, Sec. 507, pp. 582–583, and cases there cited. See and compare also, Trammell v. Rosen, 106 Tex. 132, 157 S.W. 1161; Vance v. Wilson, 382 S.W.2d 107, 109, (Tex.Sup.). To prevent the bar of the prior judgment, the record must show that before its rendition the involved party withdrew such pleadings and issue, or that the court refused to decide it. Of course, where a party fails to appear and prosecute his case, the trial court cannot try the case for him, and the only remedy is to dismiss the case. Smock v. Fischel, 146 Tex. 397, 207 S.W. 2d 891. We have none of the latter three defenses before us in the case at bar.

We have carefully considered the judgment of February 3, 1969 in Cause No. 49,884 which appellants contend bars the present action under the doctrine of res judicata. We believe that said judgment is not ambiguous. Since the terms of the judgment clearly show what was finally determined, there is no reason for resort to the pleadings or to other parts of the record except to identify the nature of the cross-action referred to in the judgment. Bankers Home Bldg. & Loan Ass'n. v. Wyatt, 139 Tex. 173, 162 S.W.2d 694, 695, (Tex.Com.App., opinion adopted); McDonald, Texas Civil Practice, Vol. 4, Sec. 17.10, p. 1336.

Discussion of other contentions made by appellants, in our opinion, becomes unnecessary.

The judgment of the trial court is reversed and is here rendered.