

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

April 23, 1971

Hon. Martin Dies, Jr.          Opinion No. M-840
Secretary of State
State Capitol                  Re: Whether Article 1434a,
Austin, Texas    78711             Vernon's Civil Statutes,
                                   providing for the crea-
                                   tion of water supply
                                   corporations requires
                                   such corporations formed
                                   pursuant to Article 1434a
                                   to operate as non-profit
Dear Mr. Dies:                     corporations.

You have requested our opinion as to the proper con-
struction of the statute relating to the organization of
water supply corporations pursuant to Article 1434a, Ver-
non's Civil Statutes, and the operation of said water sup-
ply corporations as non-profit corporations. Your ques-
tions are as follows:

"(1)   Does Article 1434a, Vernon's Civil Statutes,
       providing for the creation of water supply
       corporations, require such corporations
       formed pursuant to Article 1434a to oper-
       ate as non-profit corporations?

"(2)   If the answer to question number one is yes,
       must the Articles of Incorporation set forth
       the statement required by Article 1396-3.02A
       (2)?"

Article 1434a was passed in 1933 (Acts 43rd Leg., 1st
C.S., 1933, ch. 76, p. 202), the caption of which Act reads:

> "...to authorize the issuance of <u>stock on
> which shall be paid no dividends,</u> and to
> provide for the distribution of the pro-
> fits of such corporation to towns, cities
> and other political subdivisions of the
> State as well as private corporations and
> individuals who shall be customers of such
> corporation in the purchase of water, said
> dividends to be issued in direct proportion
> to the amount of business transacted by such
> Contractees with said corporation; ..."
> (Emphasis added.)

However, Section 1 of the Act states:

> "On and after the passage of this Act,
> three or more persons who are citizens
> of the State of Texas, may form a cor-
> poration for the purpose of furnishing
> a water supply or sewer service, or both,
> to towns, cities, private corporations,
> individuals, and military camps and bases,
> and may provide in the charter of such
> corporation that no dividends shall ever
> be paid upon the stock and that all pro-
> fits arising from the operation of such
> business shall be annually paid out to
> cities, towns, corporations, and other
> persons who have during the past year
> transacted business with such corporation,
> in direct proportion to the amount of
> business so transacted, provided that no
> such dividends shall ever be paid while
> any indebtedness of the corporation re-
> mains unpaid and, provided also, that
> the Directors of such corporation may
> allocate to a sinking fund such amount
> of the annual profits as they deem neces-
> sary for maintenance, upkeep, operation,
> and replacements." (Emphasis added.)

We have concluded that there is no variance between the "shall" language in the caption of the Act and the "may" language in Section 1 of the Act. In Southwestern Bell Telephone Co. v. Houston Independent School District, 397 S.W.2d 419 (Tex.Sup. 1966), the Court, at pages 421-422, stated:

> "...the purpose stated in the body of an
> act must conform to the notice-giving
> purpose stated in the caption, and the
> courts have given controlling effect to
> the purpose stated in the caption. ..."
> (Emphasis added)

Our opinion is that the "may" language of Section 1, read in light of the "shall" language of the caption, is mandatory rather than merely permissive. Corporations are authorized

to do only that permitted by statute, and interpreted in that light, "may" means "shall" when used in that context.

In 1941, the Secretary of State requested the opinion of the Attorney General as to whether a corporation formed pursuant to Article 1434a could amend its charter so as to include sewage service on a non-profit basis.  In that opinion is said:

> "The type of corporation contemplated under the provisions of Article 1434a is in the nature of a quasi-public corporation with the power of eminent domain and operating on a non-profit basis.  ..."  (Emphasis added)  (Atty. Gen. Opin. O-3433 (1941)).

The opinion was rendered in 1941 and in the thirty years since, the Legislature has met in fifteen regular sessions. In 1959 and in 1961, the Legislature amended Article 1434a, but neither of these amendments repeal or raise any question as to the correctness of this holding of the Attorney General.

In Burroughs v. Lyles, 142 Tex. 704, 181 S.W.2d 570 (1944), the Supreme Court had before it an election statute, some of the provisions of which were in question.  The provisions of the statute had been construed in an Attorney General's Opinion.  In upholding the Attorney General's interpretation of the statute, the court, at page 573, said:

> "This long-continued administrative construction is entitled to great weight, especially in view of the fact that the statute was amended as late as 1943, and the Legislature, which is presumed to have been aware of the interpretation, made no changes in the language that would indicate a contrary intent."

In accord, see Humble Oil & Refining Co. v. Calvert, 414 S.W.2d 172 (Sup.Ct. 1967).  Furthermore, it has long been the policy of this office to follow its earlier opinions on the same subject where not clearly erroneous. Attorney General Opinion No. O-1659 (1939).  It appears appropriate to do so here.

Should the "may" language of Section 1, Article 1434a, be considered as ambiguous because of the permissive versus mandatory interpretations, we may resort to the rule of agency construction.

The Supreme Court in Calvert v. Kadane, 427 S.W.2d 605 (Tex.Sup. 1968) stated the rule governing agency construction of a statute at page 608:

> "...if, on the other hand, the meaning of the provision be doubtful or ambiguous, the construction placed upon a statutory provision by the agency charged with its administration is entitled to weight..."

In your letter to our office, you state:

> "This office has continuously interpreted the provisions of Article 1434a as requiring corporations formed pursuant to said Act, to be non-profit corporations. I can find no record of this office ever having issued a Certificate of Incorporation for a 1434a water supply corporation under any act other than the Non-Profit Corporation Act, since that Act became effective in 1959."

Therefore, based on your past uniform departmental construction of Article 1434a, and the established rule of statutory construction of Calvert, supra, we hold that the use of "may" is mandatory rather than permissive.

In Board of Insurance Commissioner v. Great Southern Life Insurance Co., 150 Tex. 250, 239 S.W.2d 803 (1951), is presented the primary guide to be followed in the construction of any statute. The court, at page 808, said:

> "...the cardinal rule in statutory interpretation and construction is to seek out the legislative intent from a general view of the enactment as a whole, and, once the intent has been ascertained, to construe the statute so as to give effect to the purpose of the legislature..."

In viewing Article 1434a as a whole to glean the Legislative intent, several provisions indicate that corporations formed pursuant to this Article were to be operated on a non-profit basis.

Section 9 of Article 1434a reads:

"The provisions of the Texas Securities Act shall not apply to any note, bond, or other evidence of indebtedness issued by any corporation doing business in this State pursuant to this Act, to the United States of America or any agency or instrumentality thereof, or to any mortgage, deed of trust or other instrument executed to secure the same. The provisions of said Securities Act shall not apply to the issuance of membership certificates or stock certificates of any corporation organized under the provisions of this Act." (Emphasis added.)

The language of Section 9 makes clear that none of the provisions of the Texas Securities Act, Article 581-1, Vernon's Civil Statutes, et seq., apply to any corporation formed pursuant to Article 1434a. There is no distinction in the application of the Securities Act exemption in Section 9, Article 1434a, between profit and non-profit corporations formed pursuant to the water supply corporation law. In addition, there is no merit in the argument that Article 581-6, Subdivision D, exempts water supply corporations from the Securities Act the same as Section 9 of Article 1434a. Article 581-6, Subdivision D states:

"Except as hereinafter in this Act expressly provided, the provisions of this Act shall not apply to any of the following securities when offered for sale, or sold, or dealt in by a registered dealer or salesman of a registered dealer:

"...

"D. Any security issued or guaranteed either as to principal, interest, or dividend, by a

corporation owning or operating a railroad
or any other public service utility; pro-
vided, that such corporation is subject to
regulation or supervision either as to its
rates and charges or as to the issue of its
own securities by the Railroad Commission
of Texas, or by a public commission, agency,
board or officers of the Government of the
United States, or of any territory or insu-
lar possession thereof, or of any state or
municipal corporation, or of the District
of Columbia, or of the Dominion of Canada,
or any province thereof; ..."

Section 6 of the Securities Act exempts the securi-
ties of the corporations enumerated therein from the regis-
tration provisions of the Act; however, it does not exempt
the corporations it applies to from the remaining provisions
of the Securities Act, as does Section 9 of Article 1434a.
Indeed, Article 581-23, Subdivision A states:

"Anything in this Act to the contrary not-
withstanding.

"A.   If it appears to the Commissioner at
any time that the sale or proposed sale or
method of sale of any securities, whether
exempt or not, except the sale of securities
as defined in subsection A of Section 6,
would not be in compliance with this Act or
would tend to work a fraud on any purchaser
thereof...the Commissioner may,...issue a
written cease and desist order, prohibiting
or suspending the sale of such securities
..."   (Emphasis added.)

Thus, the Legislature, through the exclusion granted in
1434a to water supply corporations, did not contemplate that
profit corporations would be formed which were not subject
to Article 581-23, subdivision A, and Article 581-33, which
provide for fair dealings in securities transactions.

In Vernon's Civil Statutes, Title 32, Corporations,
Chapter 10 is entitled "Public Utilities".  The Public Utili-
ties chapter includes telegraph, telephone and telegraph,

water, gas and light and sewerage companies.  Of all of the
public utilities listed in Chapter 10, only Article 1434a,
providing for water supply corporations, makes specific
provisions for the formation and operation of the corporation.
The formation of the water supply corporation is as a non-
profit corporation, a provision not applicable to any of the
other public utilities.  In addition to the non-profit stat-
us granted to water supply corporations in Article 1434a,
the statute also specifies the banks in which funds of the
corporation are to be deposited, the investment of funds,
and the maximum salaries payable to the officers of the cor-
poration.

In view of the foregoing authorities and the long con-
tinued and consistent interpretation, enforcement and ad-
ministration of Article 1434a, we conclude that Article 1434a
requires corporations formed pursuant to it to operate as
non-profit corporations.  The answer to your first question
is yes.

Article 1434a, Section 3, "Application for Charter to
Secretary of State; Board of Directors", states:

> "(a)  The persons applying for a charter for
> such corporation shall make application to
> the Secretary of State in the manner now
> provided by law for private corporations and
> in the name designated for such corporations
> shall use the words 'Water Supply Corporation'
> ..."

However, Section 10.04G, Article 1396, V.C.S., Non-
Profit Corporation Act, states:

> "G.  This Act shall not apply to those cor-
> porations excepted under Article 2.01 B,
> subsections (3), (4), and (5) of this Act;
> provided however, that if any of said ex-
> cepted domestic corporations were hereto-
> fore or are hereafter organized not for
> profit under special statutes which con-
> tain no provisions in regard to some of
> the matters provided for in this Act, or

if such special statutes specifically applicable provide that the general laws for incorporation shall supplement the provisions of such statutes, then the provisions of this Act shall apply to the extent that they are not inconsistent with the provisions of such special statutes."

Since Article 1434a corporations are organized not for profit, under a special statute which does not provide for the contents of the Articles of Incorporation, then the provisions of the Non-Profit Corporation Act apply and Section 3.02A states what the Articles of Incorporation Act shall include.  Section 3.02A(2) provides that the articles must have "...a statement that the corporation is a non-profit corporation..."  Therefore, the answer to your second question is yes.

### S U M M A R Y

A water supply corporation organized pursuant to Article 1434a, V.C.S., is required to operate as a non-profit corporation and such corporation must affirmatively show in its Articles of Incorporation the statement required by Article 1396-3.02A(2), V.C.S.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

by: NOLA WHITE
First Assistant

Prepared by A. J. Gallerano
Assistant Attorney General

APPROVED
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Wardlow Lane
Harold Kennedy
Pat Bailey
Gordon Cass

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant