**Al LOHSE, Appellant,**

v.

**Sharon CHEATHAM, Appellee.**

**No. 04–84–00435–CV.**

Court of Appeals of Texas,
San Antonio.

Jan. 15, 1986.

Rehearing Denied Feb. 13, 1986.

---

F.J. Stenburg, San Antonio, for appellant.

Terry Weeks, Weeks, Chapman & Buford, Ann S. Taylor, Austin, for appellee.

Before BUTTS, CANTU and REEVES, JJ.

## OPINION

CANTU, Justice.

Al Lohse, appellant, brought a declaratory judgment suit against his former wife, Sharon Cheatham, appellee, previously known as Sharon Lohse, seeking to have the court construe the divorce decree previously entered to determine the ownership of certain property and the respective obligations, liabilities and duties of the parties under the decree of divorce.

Appellant's petition alleged that a dispute had arisen between the parties with respect to whether appellee was solely obligated to pay and indemnify and hold appellant harmless from any failure to discharge an indebtedness in the approximate amount of $56,000.00 to Seguin Savings Association.

The petition further alleged that a dispute had arisen as to the rights of appellant in appellee's future retirement program and whether appellant's interest therein was to be construed as having the effect of increasing appellant's percentage in appellee's future retirement program as appellee's number of months upon which such retirement was based increases.

The petition additionally alleged that a dispute had arisen as to ownership of various items of personal property awarded in the decree, i.e., what constitutes "miscellaneous tools."

The petition further alleged that a dispute had arisen between the parties with respect to a portion of the proceeds derived from the sale of certain realty.

The decree of divorce recited, with respect to the items in contention:

\* \* \* \* \* \*

Petitioner (appellee) is awarded the following as Petitioner's sole and separate property, and Respondent (appellant) is hereby divested of all right, title, and interest in and to such property:

(1) All household furnishings, appliances, *fixtures*, goods, appliances and equipment in Petitioner's possession or subject to Petitioner's control except the parties' grandfather clock, *miscellaneous tools*, one set of stainless steel service for 8, Mixmaster, two complete place settings from the chinaware set in the possession of Petitioner which are awarded to Respondent....

\* \* \* \* \* \*

Respondent is awarded the following as Respondent's sole and separate property, and Petitioner is hereby divested of all right, title, and interest in and to such property:

\* \* \* \* \* \*

(2) The following property presently in Petitioner's possession: Grandfather clock, miscellaneous tools, one set of stainless steel service for 8, Mixmaster, and two complete place settings from the chinaware set in the possession of Petitioner.

\* \* \* \* \* \*

(8) An interest in Petitioner's Teacher Retirement Program if, as, and when received by or paid to Petitioner, based upon her participation in such retirement

plan, to be determined by the following formula:

At the time benefits become payable under the terms of this Decree, the formula for determining *Petitioner's* part shall be expressed as follows:

$$\frac{1}{2} \times \frac{36}{\text{(Number of months in program} \times \text{\$ amount of benefits paid.)}}$$

For example, if at the time of retirement the monthly benefit is $500.00 and the number of months upon which such entitlement is based is 400 months, the entitlement of *the other party* shall be expressed as:

$$\frac{1}{2} \times \frac{36}{400} \times \$500.00 = \$22.50$$

Petitioner is ordered to pay such sum as determined by this formula within five (5) days of receipt by depositing such sum with the District Clerk of Guadalupe County, at Seguin, Texas 78155. The remaining portion is awarded to Respondent.

\*     \*     \*     \*     \*     \*

It is Decreed that Petitioner shall pay, as a part of the division of the estate of the parties, the following debts and obligations and shall indemnify and hold Respondent harmless from any failure to so discharge such debts and obligations:

(1) The mortgage payments on the family residence at Seguin Savings Association in the approximate amount of $56,000.00.

\*     \*     \*     \*     \*     \*

It is Ordered and Decreed that Petitioner and Respondent shall each have an undivided one-half interest in the family residence located at 104 Hampton West, Seguin, Guadalupe County, Texas, with the exclusive right of possession in Sharon Bell Lohse to the exclusion of Alfred Charles Lohse, Jr. In addition, Alfred Charles Lohse, Jr. shall have no right of partition so long as Sharon Bell Lohse remains unmarried and for a period of 18 months thereafter, or until the last child is emancipated. Sharon Bell Lohse shall have the right, in her sole discretion, to place such real estate on the market at any time and Alfred Charles Lohse, Jr. is Ordered to cooperate in any such sale. During the period of co-ownership, Sharon Bell Lohse shall be responsible for paying property taxes and insurance on the property with the exception of 1981 tax and insurance payments which are to be a joint responsibility of Petitioner and Respondent. At the time of sale of the property Respondent shall be responsible for reimbursement to Petitioner for one-half of the cost of all reasonable necessary capital improvements and one-half the cost of reasonable and necessary repairs to the premises as determined by Petitioner, ordinary wear and tear excepted. Petitioner is ordered to furnish an annual accounting to Respondent of all claimed improvements and repairs.

\*     \*     \*     \*     \*     \*

Appellee in her first amended original answer and counterclaim urged that the divorce decree was ambiguous as to the nature of property passing to the parties under the decree and as to the obligations, liabilities and duties of the parties created by the decree and asked the court to construe the decree.

Appellee asserted in her counterclaim that the decree should be construed so as to effectuate the intent of the parties and asked that it be treated and construed as a contract between the parties under the law of contracts when dealing with ambiguities.

The trial court entered its judgment which recites that the decree was construed with the benefit of evidence in order to effectuate the intent of the parties at the time of the entry of the divorce decree. The trial court then declared the meaning of the various contested provisions and adjudged and decreed them into effect. The judgment in pertinent part reads:

It is ORDERED, ADJUDGED & DECREED that one certain certificate of deposit on account with the Independence Savings and Loan Institution, 615 Saint Paul, Gonzales, Texas, bearing account # 11–002518–9, originally issued January 25, 1983, and held in the names

of Edward B. Rather and F.J. Stenberg as trustees for Sharon Cheatham and Al Lohse under the terms of certain trust agreements entered into by the parties pursuant to the sale of the family home according to a Decree of Divorce in this cause be and it is hereby ORDERED, ADJUDGED & DECREED to be the property of Sharon Cheatham along with all interest accrued on the said certificate of deposit to date and in the future until such time as the certificate is redeemed by the issuing institution.

## II.

It is further ORDERED, ADJUDGED & DECREED that the "miscellaneous tools" awarded to husband in the Decree of Divorce are the tools set out on the attached Plaintiff's Exhibit # 15 which Exhibit is incorporated herein by reference as fully as if set out verbatim and Al Lohse is entitled to their possession, if he does not already have possession of said tools and if Sharon Cheatham has them. Sharon Cheatham is ORDERED to surrender such tools to Al Lohse at her home at 2:00 o'clock p.m. on the first Saturday after 30 days after the judgment becomes final.

## III.

The Court finds that the ceiling fans, microwave oven, and chandelier specifically requested by the husband in this cause are the property of Sharon Cheatham and his claim to such property is hereby denied and it is so ORDERED, ADJUDGED & DECREED.

## IV.

Upon the application of the Plaintiff for a construction of the portion of the original Decree of Divorce dealing with retirement, the Court construes the judgment in light of the entire document to mean that the husband's percentage share is to decrease as the wife's number of months in the teacher retirement increases so that the husband's portion of her retirement is to be one-half of thirty six divided by the total number of months she has of service credit in the teacher retirement system at the time of her retirement or disbursement of the retirement funds or benefits multiplied times the monthly benefits, if paid monthly, or times the disbursement as the benefits are withdrawn. The order construing the entitlement of Al Lohse to a portion of Sharon Cheatham's retirement benefits is made because of the ambiguity in the numbered paragraph VIII, beginning on page 4 of the Decree of Divorce and ending on page 5, of the Decree of Divorce.

\*    \*    \*    \*    \*    \*

Appellee admits in her brief that the court entertained the testimony of the parties and attorneys and relied upon proof that the parties intended to have a fifty/fifty division of the property. Appellee further admits that the decree was declared to be ambiguous and required clarification because it did not, in light of the entire document, effectuate a fifty/fifty division.

The trial court filed Findings of Fact and Conclusions of Law. They recite:

### FINDINGS OF FACT

The Court makes the following Findings of Fact relative to the Divorce Judgment and the agreement of the parties in this cause:

1. A controversy exists between the parties to this cause as to the meaning of certain language in the Decree of Divorce between the parties and as to disposition of assets ordered in the original Divorce Decree.

2. Each party has sought clairifcation [sic] or construction of the judgment from the Court about the meaning of the portion of the judgment dividing the proceeds of a house sale and about the portion of the judgment dividing teacher retirement.

3. The judgment of divorce is an agreed judgment entered into between parties in open Court.

4. Based upon the judgment considered as a whole and the surrounding circumstances, it was the intention of the parties at the time of the divorce that the home would be sold upon the happening of certain events set out in the judgment and the proceeds of the sale would be divided equally between Sharon Cheatham and Al Lohse, Jr., after normal costs of sale had been paid and after the underlying purchase money lien had been paid.

5. It was the intention of the parties at the time of the judgment and agreement that the teacher retirement accounts of each party that had been earned during the marriage would be equally divided upon the payment of the account when the party in whose name the account stood retired.

6. The intention of the parties at the time of the judgment and agreement was that the Respondent and Petitioner would each get certain hand tools and the Petitioner would keep the tools necessary to maintain the yard and premises.

## CONCLUSIONS OF LAW

1. The judgment of Divorce in this cause is ambiguous as to the division of the proceeds of the sale of the family home known locally as 104 Hampton West, Seguin, Texas.

2. The judgment is a contract between the parties as well as the judgment of the Court and it should be enforced and construed as a judgment and as a contract.

3. The award to Respondent on page 4 of the judgment, of "miscellaneous tools" is ambiguous.

4. There is no ambiguity as to the remaining award to the Respondent since Petitioner is specifically awarded "all household furnishings, appliances, fixtures, goods, and equipment in Petitioner's possession or subject to Petitioner's control except the parties' grandfather clock, miscellaneous tools, one set of stainless steel serving for eight, mix master, two complete place settings from the china ware in the possession of Petitioner which are awarded to Respondent.

5. There was insufficient evidence at the time of the trial of this matter for the Court to conclude which items of personal property, which had been agreed upon by the parties, were still in the possession of Sharon Cheatham and accordingly the Court awarded Mr. Lohse all the remaining items agreed upon by the parties as belonging to him which were still in the possession of Mrs. Cheatham.

6. The interest accrued on the certificate of deposit which was the subject of this litigation, belongs to Sharon Cheatham since the certificate of deposit under the Court's Findings of Fact and Conclusions of Law and judgment is found to be the property of Mrs. Cheatham.

7. Mr. Lohse is not entitled to recover attorney's fees in this action.

8. Costs should be divided between the parties at the trial level.

Appellant's position on appeal is primarily that the decree is not ambiguous and therefore, not subject to interpretation. Without saying so, appellant intimates that the instrument, if ambiguous, requires evidence to ascertain the true intent of the parties. Nevertheless, the position of appellant when viewed from the standpoint of his pleadings and brief indicate that he never agreed that an ambiguity existed requiring proof outside the four corners of the instrument. Appellant merely took the position that disputes existed which required resolution.

Our examination of the divorce decree belies the appellee's and the trial court's categorization of the decree as an agreed judgment.

■ In plain and unequivocal language the decree recites that the Court is Ordering, Decreeing and Adjudging certain dispositions based upon the evidence before it, considering the justness and rightness and having due regard for the rights of the parties and their children. Nowhere in the decree does it recite that the Court is mak-

ing any disposition according to an agreement of the parties. The document contains the signatures of the parties and their attorneys evidencing their approval of the document as reflecting the trial court's actions. We believe that these signatures have led both parties and the trial court to erroneously conclude that the decree was an agreed judgment. *See State v. Reagan County Purchasing Co.*, 186 S.W.2d 128 (Tex.Civ.App.—El Paso 1944, writ ref'd w.o.m.).

Since the decree is not an agreed or consent judgment, contract law cannot be resorted to in construing it in the event it is ambiguous. The general rule is that a judgment is to be construed in the same manner as are other written instruments, and as written. *Bankers Home Bldg. & Loan Ass'n. v. Wyatt*, 139 Tex. 173, 162 S.W.2d 694 (1942). If taken as a whole and construed according to well known rules, a judgment is unambiguous, no room is left for interpretation, and it is the duty of the court to declare the effect thereof in the light of the literal meaning of the language used. *Adams v. Adams*, 214 S.W.2d 856 (Tex.Civ.App.—Waco 1948, writ ref'd n.r. e.).

■ The trial court clearly applied the wrong test in declaring the rights and obligations of the parties under the decree. The intent of the parties is immaterial to the construction of the instrument before it. In relying upon testimonial evidence on the issue of the parties' intent the court fell into error. Under the appropriate test, the trial court was required to declare the effect of the instrument in light of the literal meaning of the language used. *Adams v. Adams, supra.*

Nevertheless, the foregoing rules can only be applicable if the decree is ambiguous.

After examining that portion of the divorce decree dealing with the proceeds derived from the sale of the family residence we find no ambiguity requiring a need for construction. A reading of the entire provision clearly sets out the interest of each

party in the property and the manner prescribed for its sale.

When we examine the provision of the decree dividing the personal property, and especially that provision which sets aside particular items to appellant, it is clear that all the rest of the personal property was awarded to appellee.

This necessarily includes ceiling fans, microwave oven and a chandelier.

The trial court was correct in holding that no ambiguity existed as to these items and accordingly we approve of the court's holding as to these items.

Our examination of the divorce decree provisions dealing with appellant's interest in appellee's retirement program convinces us that the trial court erred in finding that an ambiguity existed. While we may agree that the disposition made by the trial court appears on its face to be unfair we are not warranted in concluding that the trial court necessarily intended otherwise or that the division of the marital estate taken as a whole necessarily compels the construction advocated by appellee and adopted by the trial court.

■ That one of the parties is now disappointed in the disposition clearly expressed in the decree does not render it ambiguous and subject to construction. We conclude that the trial court erred in holding this provision to be ambiguous and entering its holding modifying an otherwise clear expression. The trial court may clarify a final decree, but may not modify it. *McGehee v. Epley*, 661 S.W.2d 924 (Tex. 1983).

■ Our examination of the portion of the decree addressing the awarding of "miscellaneous tools" convinces us that it is patently ambiguous inasmuch as there is no other description in the decree to assist in identifying the property sought to be awarded.

Under such circumstances, the record in the case, including the pleadings and inventories, are admissible to aid the court in construing the meaning of the award. *Cf. McCoy v. Texas Power & Light Co.*, 239

S.W. 1105 (Tex.Comm'n.App.1922, judgment adopted).[1]

In conclusion, we hold that the trial court erred in holding various provisions of the divorce decree to be ambiguous and in further construing an ambiguous provision under an erroneous standard. We reverse the judgment of the trial court and remand the cause for further proceedings not inconsistent with the opinion herein expressed insofar as the trial court incorrectly applied an erroneous standard in disposing of the "miscellaneous tools." We reverse and render those portions of the judgment wherein the trial court found an ambiguity which we have rejected above. We affirm that portion of the trial court's judgment which correctly found no ambiguity in the disposition of personal property other than "miscellaneous tools."

BUTTS, Justice, concurring in part and dissenting in part.

I would reverse and render the judgment since no ambiguity exists except as to the "miscellaneous tools." I would affirm the trial court's ruling on the tools since the court examined the pleadings and exhibit setting out an inventory of the tools. *See McCoy v. Texas Power & Light Co.*, 239 S.W. 1105 (Tex.Comm'n App.1922, judgment adopted). The pleadings listing the tools are the plaintiff's (husband/appellant) and the exhibit listing the tools is plaintiff's exhibit No. 15, also his. Even if the incorrect standard of construction was applied

in that instance, the error was harmless because a retrial, under a different standard, would produce the same result. TEX.R.CIV.P. 434. There is no real dispute as to what are the "miscellaneous tools." I would reverse and render as to the other matters, but affirm as to the tools. In addition, this issue was not decided adversely to appellant. No reversible error was presented where appellant by his own pleadings and exhibit received what he asked for. Thus, I would reverse and render in part and affirm in part.

---

1. Justice Butts' opinion, while attempting to produce a salutary result, misapplies the rule in *McCoy v. Texas Power & Light Co.*, 239 S.W. 1105 (Tex.Comm'n App.1922, judgment adopted).

 *McCoy* permits the trial court to examine the pleadings and documents in the cause out of which the judgment sought to be construed arises in an attempt to determine the meaning of items referred to in the judgment being construed.

 Justice Butts' application of the rule in *McCoy* erroneously looks to the pleadings in the cause before us which sought to construe the prior judgment. She would also consider evidence (Plaintiff's Exhibit No. 15) on the intent of the parties when the decree is not an agreed judgment and not subject to construction on the basis of the intent of the parties.

Under the state of the record before us we cannot presume that the result on retrial would be the same. It may well be that the items described as "miscellaneous tools" are incapable of identification under the applicable test and such items may in fact not have been divided by the trial court. *Shaw v. Shaw*, 402 S.W.2d 821 (Tex.Civ.App.—San Antonio 1966, no writ).

Understandably the appellee makes no complaint on appeal about the award of "miscellaneous tools" because she comes before this court believing that she has successfully secured a greater portion of the marital estate than she actually has. That the property referred to as "miscellaneous tools" was actually the subject of contest is readily evident from appellant's own original petition which refers to a "bona fide dispute" regarding the property.