**Jose Eduardo ACOSTA, Appellant,**

v.

**Patricia Irma ACOSTA, Appellee.**

No. 08–91–00161–CV.

Court of Appeals of Texas, El Paso.

June 24, 1992.

Rehearing Overruled Sept. 16, 1992.

Ann Crawford McClure, El Paso, for appellant.

Richard Yetter, El Paso, for appellee.

Before KOEHLER, BARAJAS and LARSEN, JJ.

## OPINION

BARAJAS, Justice.

Appellant, Jose Eduardo Acosta, appeals from a judgment entered in favor of Appellee, Patricia Irma Acosta, his former wife. Suit was originally filed by Appellee to partition community property allegedly not divided in the parties' original divorce proceeding. The trial court granted Appellee's request for partition and awarded Appellee 100 percent of the community property in dispute. We reverse and render.

## I. SUMMARY OF THE EVIDENCE

Appellant and Appellee were divorced in 1974. Pursuant to the terms of their decree of divorce, Appellee was awarded the community residence as her sole and separate property and Appellant was awarded "any retirement benefits" which he "may have." Neither party appealed the division of property and, as a result, their divorce decree became final.

In 1987, approximately thirteen years after the parties divorced, Appellant retired from Chevron Oil Company, his place of employment since 1956. As part of his retirement package, Appellant received a lump sum disbursement of his retirement annuity along with several thousand shares of Chevron stock. In 1989, Appellant sold the stock for approximately $200,000.

Upon learning of the sale of the stock, Appellee filed suit seeking to partition the sale proceeds. Appellee claimed that she was entitled to such proceeds because the Chevron stock was community property that was not divided in the original decree of divorce.

After a trial to the court, Appellee was awarded $19,581.[1] The trial court articulated the grounds for such an award in its findings of fact and conclusions of law. Of particular importance to this appeal is finding of fact number four which states:

> [T]he award to Mr. Acosta of "... any retirement benefits which [he] may have ..." did not include the shares of stock accumulated during the marriage.
>
> a. In this respect the Court finds that the phrase "any retirement benefits which [he] may have" is vague and so unclear as to be able to make a determination from the preponderance of the evidence that such phrase included the stocks.

In addition to this finding, the trial court found that Appellee "did not know the English language to be able to read and write with the degree of ability and intelligence so as to realize whether stocks were being purchased during the marriage." In short, the trial court (1) found the decree of divorce was ambiguous; and (2) considered the intent of the parties in determining the proper construction of the divorce decree.

On appeal, Appellant contends the divorce decree is not ambiguous and, therefore, not subject to partition. Specifically, Appellant argues the phrase "any retirement benefits" unequivocally and unambiguously includes his interest in the Chevron stock. We agree.

## II. DISCUSSION

In finding the divorce decree to be ambiguous, the trial court must have found the literal meaning of "retirement benefit" does not necessarily include the Chevron stock plan in which Appellant participated. Based on the definition of "retirement benefit" and the facts of this case, we hold that such finding was in error.

1. The trial court arrived at this amount by calculating the community's interest as of the date of divorce.

**654**

At the outset, the Texas Supreme Court has consistently held that partition is an appropriate remedy when a divorce decree fails to divide all community property. *Busby v. Busby,* 457 S.W.2d 551 (Tex.1970); *Harrell v. Harrell,* 692 S.W.2d 876 (Tex. 1985). Partition is an inappropriate remedy, however, if the divorce decree unambiguously divides all community property and neither party directly appeals the divorce decree. *Constance v. Constance,* 544 S.W.2d 659 (Tex.1976); *Allison v. Allison,* 700 S.W.2d 914 (Tex.1985). Consequently, in the instant case, the trial court's partition of the Chevron stock proceeds is inappropriate because the phrase "any retirement benefit" is unambiguous.

■■■ As noted above, the trial court considered the intent of the parties an important factor in determining whether the divorce decree is ambiguous. Intent of the parties, however, is immaterial because the divorce decree is not a consent or agreed judgment. *Lohse v. Cheatham,* 705 S.W.2d 721, 726 (Tex.App.—San Antonio 1986, writ dism'd). Moreover, because the divorce decree is not a consent or agreed judgment, the trial court was controlled by the rules relating to construction of judgments as opposed to construction of contracts. *Haworth v. Haworth,* 795 S.W.2d 296, 298 (Tex.App.—Houston [14th Dist.] 1990, no writ). According to the rules relating to the construction of judgments, the trial court was required to declare the effect of the divorce decree "in light of the literal meaning of the language used." *Lohse,* 705 S.W.2d at 726.

To fall within the literal meaning of "retirement benefit" the Chevron stock must be: (1) an earned property right that accrued by reason of years of experience; or (2) a form of deferred compensation that is earned during each month of service. *Whorrall v. Whorrall,* 691 S.W.2d 32, 37 (Tex.App.—Austin 1985, writ dism'd), citing, *Busby,* 457 S.W.2d at 551; *Cearley v. Cearley,* 544 S.W.2d 661, 665 (Tex.1976). The facts of this case reveal that the Chevron stock meets the requirements of the second category. Indeed, Appellant received the Chevron stock due to his partic-

ipation in a stock plan in which both he and Chevron made contributions. In addition, the amount of such contributions were dependent upon Appellant's length of employment with Chevron. Finally, the evidence discloses that compensation was deferred until Appellant's retirement.

Based on the facts, we hold the trial court erred in partitioning property that had been unambiguously divided in the parties' divorce decree. The mere fact that Appellee may now be disappointed in the division expressed in the divorce decree does not render "it ambiguous and subject to construction." *Lohse,* 705 S.W.2d at 726.

Having considered all points and cross-points, we reverse the decision of the trial court and render a take-nothing judgment.