COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-07-327-CV

IN RE DEE ANN SMITH RELATOR

------------

ORIGINAL PROCEEDING

------------

MEMORANDUM OPINION
(footnote: 1)

------------

This dispute arose from attempts by real parties in interest—Brian Duncan and Duncan Land & Exploration, Inc.—to obtain postjudgment discovery as to relator Dee Ann Smith’s ability to pay appellate attorney’s fees that real parties claim they are entitled to recover from relator.  Relator asks this court (1) to order the trial court to vacate its order denying her motion for protective order and request for arbitration and imposing attorney’s fees sanctions against relator and (2) to order the trial court to stay discovery and order the dispute to arbitration.  Because we hold that relator is entitled to a protective order from the discovery sought by real parties, we conditionally grant mandamus relief.

Background

The underlying dispute involves convoluted and contentious postjudgment proceedings initiated after this court issued an opinion in 
Smith v. Duncan Land and Exploration, Inc.
, No. 02-05-00334-CV, 2006 WL 2034031 (Tex. App.—Fort Worth July 20, 2006, no pet.) (mem. op.).  In that appeal, this court affirmed a judgment imposing sanctions against relator because she intervened for attorney’s fees in litigation that she had originally filed on behalf of real parties instead of first submitting the issue to arbitration, as provided for in her engagement letter.
(footnote: 2)  
Id
. at *1, 8.  After relator lost that appeal, real parties attempted to recover $10,000 in conditional appellate attorney’s fees from relator that they claimed the trial court awarded them in the judgment relator had appealed.  In the alternative, real parties served discovery on relator in an attempt to discover the extent of her assets for enforcement purposes.

Relator filed a motion for protective order claiming that real parties had no basis to claim appellate attorney’s fees because two judgments had been entered in the underlying case, and the judgment she appealed from did not contain a conditional appellate attorney’s fees award.  She also asked the trial court to order arbitration of the dispute in accordance with the arbitration language in her original engagement letter with real parties. 

The trial court denied relator’s motion for protective order and request for arbitration and ordered that relator answer the discovery by January 8, 2007.  The trial court subsequently extended the deadline to January 18, 2007.  Relator filed a petition for writ of mandamus in this court, and we requested a response; however, after a hearing on January 26, 2007, the trial court vacated its order, and we subsequently denied the mandamus as moot.  

Also on January 26, 2007, real parties filed a further objection to relator’s motion for a protective order, which included a motion for attorney’s fees and sanctions under rules 13 and 215.2(b)(8) based on their allegations that relator’s pleadings were groundless and frivolous
.  
Tex. R. Civ. P
. 13, 215.2(b)(8).  On April 25, 2007, the trial court held a hearing on relator’s motion for a protective order, relator’s motion to compel arbitration of the dispute, and real parties’ motion for sanctions.  On May 1, 2007, the trial court signed a letter ruling denying relator’s motion for protective order and motion to arbitrate the postjudgment dispute.
(footnote: 3)  It also awarded Duncan $1,500 in attorney’s fees and costs. 

Real parties filed a motion for rehearing as to the sanctions award, and the trial court heard the matter again on June 22, 2007.  The trial court issued another letter ruling on July 25, 2007, recounting the history of the dispute and affirming its May 1, 2007 letter ruling.  But the trial court increased the attorney’s fees award for real parties to $3,500.  It also added an award of conditional appellate attorney’s fees if relator unsuccessfully appealed its decision in this postjudgment dispute.  On August 23, 2007, the trial court signed an order in accordance with its letter ruling.  In the paragraph addressing real parties’ motion for reconsideration of the attorney’s fees matter, the trial court stated that it “extensively reviewed voluminous pleadings by [relator] and finds [that] . . . Duncan should be awarded additional attorney fees, plus all costs incurred with interest thereon.”  Relator then filed this original proceeding seeking mandamus relief from the trial court’s August 23, 2007 order.

Standard of Review

Mandamus relief is proper only to correct a clear abuse of discretion when there is no adequate remedy by appeal
.  In re Prudential Ins. Co. of Am.
, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding).

A trial court clearly abuses its discretion when it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law.  
Walker v. Packer
, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding)
.
  With respect to the resolution of factual issues or matters committed to the trial court’s discretion, we may not substitute our judgment for that of the trial court unless the relator establishes that the trial court could reasonably have reached only one decision and that the trial court’s decision is arbitrary and unreasonable.  
Id.
 at 839-40.  This burden is a heavy one.  
In re CSX Corp.,
  124 S.W.3d 149, 152 (Tex. 2003) (orig. proceeding).  Our review is much less deferential with respect to a trial court’s determination of the legal principles controlling its ruling because a trial court has no discretion in determining what the law is or in applying the law to the facts.  
Walker
, 827 S.W.2d at 840.  Thus, a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion and may result in mandamus.  
Id.

Absent extraordinary circumstances, mandamus will not issue unless relator lacks an adequate remedy by appeal.  
In re Van Waters & Rogers, Inc.
,145 S.W.3d 203, 210-11 (Tex. 2004) (citing 
Walker, 
827 S.W.2d at 839).  Determining whether an appeal is an adequate remedy requires the careful balance of jurisprudential considerations.  
In re Prudential Ins. Co. of Am.
, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding).  An appellate remedy is adequate when any benefits to mandamus review are outweighed by the detriments.  
Id.
  When the benefits outweigh the detriments, we must conduct further analysis.  
Id.  
Whether an appellate remedy is adequate so as to preclude mandamus review depends heavily on the circumstances presented.  
Id
. at 137. 

A party will not have an adequate remedy by appeal (1) when the appellate court would not be able to cure the trial court’s discovery error, (2) when the party’s ability to present a viable claim or defense at trial is vitiated or severely compromised by the trial court’s discovery error, and (3) when the trial court disallows discovery and the missing discovery cannot be made a part of the appellate record or the trial court, after proper request, refuses to make it part of the record.
  In re Ford Motor Co.
, 988 S.W.2d 714, 721 (Tex. 1998) (orig. proceeding)
; 
Walker
, 827 S.W.2d at 843.  

Analysis

Relator challenges the trial court’s denial of her motion for protective order and her motion to compel arbitration and the award of attorney’s fees and costs as sanctions. 

Protective Order

Regarding the trial court’s discovery ruling, relator contends that she should not be required to answer discovery in this action because real parties do not have an enforceable appellate attorney’s fees judgment against her. 

In our prior opinion in the underlying case, we noted in the background facts that

[o]n August 25, 2005, the trial court signed an order awarding [Duncan Land] $3,000 in attorney’s fees on its counterclaim against [relator for her failure to attempt arbitration of her attorney’s fees claim before intervening in Duncan Land’s suit].  [Relator] filed a notice of appeal appealing this order on September 15, 2005. 

The parties arbitrated the fee dispute in October 2005.  The arbitrator awarded [relator] $4,625.25, after offsetting the trial court’s $3,000 attorney’s fees award on [Duncan Land’s] counterclaim.  [Relator] filed an application to confirm the arbitration award on November 16, 2005, along with a “First Amended Answer to Counterclaim and Counter-Motion for Sanctions.”  On November 22, 2005, the trial court signed a final judgment confirming the arbitrator’s award and severing the counterclaim, thus making its August 25, 2005 order final.
 

Smith
, 2006 WL 2034031, at *2.  According to relator, she did not appeal the November 22, 2005 judgment severing the two causes of action, which is the only judgment containing an appellate attorney’s fees award; instead, she appealed from the August 25, 2005 judgment, which was severed from the November 22, 2005 judgment and which does not contain a conditional award of appellate attorney’s fees.  Real parties contend that the appellate attorney’s fees award in the November 22, 2005 judgment was meant to apply to an appeal of the August 25, 2005 judgment and that they are entitled to proceed with discovery on their $10,000 judgment against her.  

The general rule is that a judgment is to be construed in the same manner as are other written instruments, and as written.  
Bankers Home Bldg. & Loan Ass’n v. Wyatt
, 139 Tex. 173, 162 S.W.2d 694, 695 (1942); 
Lohse v. Cheatham
, 705 S.W.2d 721, 726 (Tex. App.—San Antonio 1986, writ dism’d)
.  Judgments should be construed as a whole to harmonize and give effect to the entire decree.  
Shanks v. Treadway
, 110 S.W.3d 444, 447 (Tex. 2003); 
Wilde v. Murchie
, 949 S.W.2d 331, 333 (Tex. 1997)
.  
If taken as a whole and construed according to well known rules, a judgment is unambiguous, no room is left for interpretation, and it is the duty of the court to declare the judgment’s effect in the light of the literal meaning of the language used.  
Reiss v. Reiss
, 118 S.W.3d 439, 441 (Tex. 2003); 
Acosta v. Acosta
, 836 S.W.2d 652, 654 (Tex. App.—El Paso 1992, writ denied)
; 
Lohse,
 705 S.W.2d at 726.

Here, the only document providing for the payment of $10,000 in attorney’s fees in the event of an unsuccessful appeal by relator is the November 22, 2005 judgment.  The first paragraph of that judgment severs the August 25, 2005 judgment and orders that it be assigned a new cause number; the second paragraph states that the August 25, 2005 judgment is “a final judgment, subject to appeal.”  In the third through fifth paragraphs, the trial court confirms the arbitration award in relator’s favor, orders that award offset by the amount of the August 25, 2005 judgment (which the trial court refers to as “the trial court judgment . . . signed August 25, 2005”
), and enters a judgment confirming the arbitration award in relator’s favor.  The conditional appellate attorney’s fees provision is contained in the sixth paragraph and reads as follows:

IT IS FURTHER ORDERED by the Court that Brian Duncan and Duncan Land & Exploration, Inc. shall have of and recover from Intervenor Dee Ann Smith in the event of an appeal of 
this judgment
 by Dee Ann Smith to the Court of Appeals, if the appeal is unsuccessful, the additional sum of $10,000 (Ten Thousand and No/100 Dollars) as reasonable and necessary attorney’s fee[s] and in the further event of further appeal by Dee Ann Smith to the Supreme Court of Texas and is unsuccessful, Brian Duncan and Duncan Land & Exploration, Inc. will be entitled to recover of and from Dee Ann Smith the additional sum of $7,500 (Seven Thousand Five Hundred and No/100 Dollars).

[Emphasis added.]

Here, the words, “this judgment,” unambiguously apply to the November 22, 2005 judgment in which they are contained.  They clearly do not apply to the August 25, 2005 judgment, which had already been severed in a prior paragraph and specifically ordered to be a final, appealable order with a different cause number.  The remainder of the judgment relates to matters dealing only with the arbitration award.  Real parties contend that the attorney’s fees provision should be interpreted to mean that “if the judgment for Duncan of $3000 attorney fees was severed from the main suit and was appealed by [relator], and was unsuccessful, . . . Duncan is entitled to $10,000 attorney fees by the agreed judgment [relator] signed and approved.”  But this is too broad a reading of that provision; there is no such language indicating an intent to apply the conditional appellate attorney’s fees provision to the August 25, 2005 judgment.

Relator appealed only the August 25, 2005 judgment ordering her to pay real parties $3,000 in attorney’s fees.  Accordingly, real parties are not entitled to attorney’s fees or discovery based on relator’s unsuccessful appeal of that judgment, 
which had no provision for attorney’s fees
.
  
See 
Tex. R. Civ. P
. 621a (providing discovery procedures for enforcement of a judgment); 
Hines v. Villalba
, 231 S.W.3d 550, 553 (Tex. App.—Dallas 2007, no pet.) (“It is clear, however, that when exercising the powers of enforcement, a court may not issue an order that is inconsistent with the final judgment or that constitutes a material change to the judgment.
”).
  No one appealed the November 22, 2005 judgment severing the two cases and affirming the arbitration award; that judgment became final long before this postjudgment attorney’s fees and discovery dispute arose.  
See
 
Tex. R. Civ. P
. 329b(d).  Thus, real parties are not entitled to attorney’s fees under the terms of the November 22, 2005 judgment either.  Because real parties are attempting to obtain discovery without a judgment entitling them to such discovery, the trial court abused its discretion by denying relator’s motion for protective order.  
See 
Tex. R. Civ. P
. 621a; 
Noorian v. McCandless
, 37 S.W.3d 170, 174 (Tex. App.—Houston [1st Dist.] 2001, pet. denied).

The requested discovery is quite extensive and requires relator to answer personal information about her finances.  The trial court has awarded attorney’s fees against her for pursuing her motion for protective order.  She is faced with the choice of either paying $10,000 or answering the discovery in connection with an attempt to collect appellate attorney’s fees for which real parties have no judgment.  Thus, she does not have an adequate remedy by appeal and mandamus is appropriate.  
See In re Graco Children’s Prods., Inc
., 210 S.W.3d 598, 600-01 (Tex. 2006) (holding that an overly broad discovery order is an abuse of discretion for which mandamus is a proper remedy).
  We sustain relator’s third issue.

Motion to Compel Arbitration

Relator also complains about the trial court’s denial of her motion to compel arbitration of the dispute.  Relator moved to compel arbitration under section 171.081 of the Texas General Arbitration Act based on the broad arbitration provision in her engagement letter with real parties in the original litigation.  
Tex. Civ. Prac. & Rem. Code Ann
. § 171.001, .081 (Vernon 2005); 
see also Smith
, 2006 WL 2034031, at *2-3.  But we do not have jurisdiction to review the trial court’s denial of her motion to compel under the TGAA in an original proceeding; we review such orders by interlocutory appeal.  
Tex. Civ. Prac. & Rem. Code Ann
. § 171.098(a)(1) (Vernon 2005); 
Jack B. Anglin Co. v. Tipps
, 842 S.W.2d 266, 272 (Tex. 1992); 
In re Citigroup Global Mkts., Inc
., 202 S.W.3d 477, 480 (Tex. App.—Dallas 2006, orig. proceeding).  Accordingly, we dismiss relator’s fourth issue and her remaining issues to the extent they complain about the trial court’s denial of her motion to compel arbitration.

Attorney’s Fees

In her fifth issue, relator contends that the trial court abused its discretion by awarding real parties $3,500 in attorney’s fees as sanctions for her filing groundless and frivolous pleadings. 

Real parties moved for sanctions under rules 13 and 215.2(b)(8).  
Tex. R. Civ. P
. 13, 215.2(b)(8).  Rule 13 authorizes a trial court to impose sanctions on a party for filing groundless pleadings.  
Tex. R. Civ. P
. 13.  Rule 13 defines “groundless” as having “no basis in law or fact and not warranted by good faith argument for the extension, modification, or reversal of existing law.”  
Id
.  Rule 215.2(b)(8) allows a trial court to impose sanctions for a party’s failure to properly respond to a discovery request or order.  
Tex. R. Civ. P
. 215.2(b)(8).  A trial court may award a party its attorney’s fees as a sanction under rules 13 and 215.2(b)(8).  
Tex. R. Civ. P.
 13, 215.2(b)(8); 
Falk & Mayfield L.L.P. v. Molzan
, 974 S.W.2d 821, 823 (Tex. App.—Houston [14th Dist.] 1998, pet. denied).
  Under rule 13, a trial court must hold an evidentiary hearing to make the necessary factual determinations about the motives and credibility of the person signing the allegedly groundless petition.  
E.g., Houtex Ready Mix Concrete & Mats. v. Eagle Constr. & Envir. Svcs
., 226 S.W.3d 514, 522 (Tex. App.—Houston [1st Dist.] 2006, no pet.); 
Med. Specialist Group, P.A. v. Radiology Assoc., L.L.P
., 171 S.W.3d 727, 737 (Tex. App.—Corpus Christi 2005, writ denied); 
Smith
, 2006 WL 2034031, at *4.

Here, we have already determined that relator’s defense to the propounded discovery has merit; thus, the trial court abused its discretion by awarding sanctions based on the allegations that her pleadings were groundless and brought in bad faith.
(footnote: 4)  
See Houtex Ready Mix Concrete & Mats.
, 226 S.W.3d at 522.  Moreover, although the trial court held at least one hearing on sanctions, its August 23, 2007 order specifically states that “no testimony of witnesses would be helpful to the court as the court[‘]s rulings in this cause were based upon questions of law only.”  Accordingly, the trial court’s own order shows that no evidentiary hearing was held as required by rule 13.  Thus, we conclude that the trial court abused its discretion by awarding sanctions of $3,500 plus costs in the August 23, 2007 order.

However, a party against whom sanctions are assessed in a postjudgment discovery dispute has an adequate remedy by appeal.  
In re Smith
, 192 S.W.3d 564, 569 (Tex. 2006); 
Arndt v. Farris
, 633 S.W.2d 497, 500 (Tex. 1982).  Accordingly, relator is not entitled to mandamus relief regarding the sanctions part of the trial court’s order.  We overrule her fifth issue.

Conclusion

Having determined that mandamus relief is proper only on relator’s third issue, we conditionally grant the writ of mandamus and order the trial court to vacate the part of its August 23, 2007 order denying relator’s motion for protective order and enter a protective order prohibiting further discovery on this matter.
(footnote: 5)  A writ of mandamus will issue only if the trial court fails to comply with these instructions.
  The temporary stay issued by this court will remain in effect until the trial court complies with this court’s ruling, at which time it will automatically terminate.

TERRIE LIVINGSTON

JUSTICE

PANEL B: LIVINGSTON, GARDNER, and WALKER, JJ.

DELIVERED:  October 30, 2007

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Real parties hired relator in February 2003; sometime before February 2004, real parties discharged relator and hired new counsel to continue their lawsuit.  
Id
. at *1.

3:
We note that the trial court has patiently heard numerous postjudgment motions filed by both parties and presided over at least three hearings on this same matter. 

4:
We acknowledge that relator’s pleadings are not the model of clarity; however, the substance of her complaint is discernable, and she is entitled to relief on her complaint.

5:
Having granted relator relief on her third issue, we need not address her first and second issues.  
See
 
Tex. R. App. P.
 47.1; 
Horsley-Layman v. Adventist Health Sys./Sunbelt, Inc
., 221 S.W.3d 802, 809 (Tex. App.—Fort Worth 2007, pet. denied).