COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-07-327-CV

 

 

IN RE DEE ANN SMITH                                                            RELATOR

                                                                                                        

 

                                              ------------

 

                                    ORIGINAL PROCEEDING

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








This dispute arose from
attempts by real parties in interestCBrian Duncan and Duncan Land & Exploration, Inc.Cto obtain postjudgment discovery as to relator Dee Ann Smith=s ability to pay appellate attorney=s fees that real parties claim they are entitled to recover from
relator.  Relator asks this court (1) to
order the trial court to vacate its order denying her motion for protective
order and request for arbitration and imposing attorney=s fees sanctions against relator and (2) to order the trial court to
stay discovery and order the dispute to arbitration.  Because we hold that relator is entitled to a
protective order from the discovery sought by real parties, we conditionally
grant mandamus relief.

Background

The underlying dispute
involves convoluted and contentious postjudgment proceedings initiated after
this court issued an opinion in Smith v. Duncan Land and Exploration, Inc.,
No. 02-05-00334-CV, 2006 WL 2034031 (Tex. App.CFort Worth July 20, 2006, no pet.) (mem. op.).  In that appeal, this court affirmed a
judgment imposing sanctions against relator because she intervened for attorney=s fees in litigation that she had originally filed on behalf of real
parties instead of first submitting the issue to arbitration, as provided for
in her engagement letter.[2]  Id. at *1, 8.  After relator lost that appeal, real parties
attempted to recover $10,000 in conditional appellate attorney=s fees from relator that they claimed the trial court awarded them in
the judgment relator had appealed.  In
the alternative, real parties served discovery on relator in an attempt to
discover the extent of her assets for enforcement purposes.








Relator filed a motion for
protective order claiming that real parties had no basis to claim appellate
attorney=s fees because two judgments had been entered in the underlying case,
and the judgment she appealed from did not contain a conditional appellate
attorney=s fees award.  She also asked
the trial court to order arbitration of the dispute in accordance with the
arbitration language in her original engagement letter with real parties. 

The trial court denied
relator=s motion for protective order and request for arbitration and ordered
that relator answer the discovery by January 8, 2007.  The trial court subsequently extended the
deadline to January 18, 2007.  Relator
filed a petition for writ of mandamus in this court, and we requested a
response; however, after a hearing on January 26, 2007, the trial court vacated
its order, and we subsequently denied the mandamus as moot.  








Also on January 26, 2007,
real parties filed a further objection to relator=s motion for a protective order, which included a motion for attorney=s fees and sanctions under rules 13 and 215.2(b)(8) based on their
allegations that relator=s pleadings
were groundless and frivolous.  Tex. R. Civ. P. 13, 215.2(b)(8).  On April 25, 2007, the trial court held a
hearing on relator=s motion for
a protective order, relator=s motion to compel arbitration of the dispute, and real parties= motion for sanctions.  On May
1, 2007, the trial court signed a letter ruling denying relator=s motion for protective order and motion to arbitrate the postjudgment
dispute.[3]  It also awarded Duncan $1,500 in attorney=s fees and costs. 

Real parties filed a motion
for rehearing as to the sanctions award, and the trial court heard the matter
again on June 22, 2007.  The trial court
issued another letter ruling on July 25, 2007, recounting the history of the
dispute and affirming its May 1, 2007 letter ruling.  But the trial court increased the attorney=s fees award for real parties to $3,500.  It also added an award of conditional
appellate attorney=s fees if
relator unsuccessfully appealed its decision in this postjudgment dispute.  On August 23, 2007, the trial court signed an
order in accordance with its letter ruling. 
In the paragraph addressing real parties= motion for reconsideration of the attorney=s fees matter, the trial court stated that it Aextensively reviewed voluminous pleadings by [relator] and finds
[that] . . . Duncan should be awarded additional attorney fees, plus all costs
incurred with interest thereon.@  Relator then filed this
original proceeding seeking mandamus relief from the trial court=s August 23, 2007 order.








Standard of Review

Mandamus
relief is proper only to correct a clear abuse of discretion when there is no
adequate remedy by appeal.  In re
Prudential Ins. Co. of Am., 148 S.W.3d 124, 135‑36 (Tex. 2004) (orig.
proceeding).

A trial court clearly abuses
its discretion when it reaches a decision so arbitrary and unreasonable as to
amount to a clear and prejudicial error of law. 
Walker v. Packer, 827 S.W.2d 833, 839 (Tex. 1992) (orig.
proceeding).  With respect to the
resolution of factual issues or matters committed to the trial court=s discretion, we may not substitute our judgment for that of the trial
court unless the relator establishes that the trial court could reasonably have
reached only one decision and that the trial court=s decision is arbitrary and unreasonable.  Id. at 839-40.  This burden is a heavy one.  In re CSX Corp.,  124 S.W.3d 149, 152 (Tex. 2003) (orig.
proceeding).  Our review is much less
deferential with respect to a trial court=s determination of the legal principles controlling its ruling because
a trial court has no discretion in determining what the law is or in applying
the law to the facts.  Walker, 827
S.W.2d at 840.  Thus, a clear failure by
the trial court to analyze or apply the law correctly will constitute an abuse
of discretion and may result in mandamus. 
Id.








Absent extraordinary
circumstances, mandamus will not issue unless relator lacks an adequate remedy
by appeal.  In re Van Waters &
Rogers, Inc.,145 S.W.3d 203, 210-11 (Tex. 2004) (citing Walker, 827
S.W.2d at 839).  Determining whether an
appeal is an adequate remedy requires the careful balance of jurisprudential
considerations.  In re Prudential Ins.
Co. of Am., 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding).  An appellate remedy is adequate when any
benefits to mandamus review are outweighed by the detriments.  Id. 
When the benefits outweigh the detriments, we must conduct further
analysis.  Id.  Whether an appellate remedy is adequate
so as to preclude mandamus review depends heavily on the circumstances
presented.  Id. at 137. 

A party will not have an
adequate remedy by appeal (1) when the appellate court would not be able to
cure the trial court=s discovery
error, (2) when the party=s ability to
present a viable claim or defense at trial is vitiated or severely compromised
by the trial court=s discovery
error, and (3) when the trial court disallows discovery and the missing
discovery cannot be made a part of the appellate record or the trial court,
after proper request, refuses to make it part of the record.  In re Ford Motor Co., 988 S.W.2d 714, 721
(Tex. 1998) (orig. proceeding); Walker, 827 S.W.2d at 843.  








Analysis

Relator
challenges the trial court=s denial of her motion for protective order and her motion to compel
arbitration and the award of attorney=s fees and costs as sanctions. 

Protective Order

Regarding
the trial court=s discovery
ruling, relator contends that she should not be required to answer discovery in
this action because real parties do not have an enforceable appellate attorney=s fees judgment against her. 

In our prior opinion in the
underlying case, we noted in the background facts that

[o]n
August 25, 2005, the trial court signed an order awarding [Duncan Land] $3,000
in attorney=s
fees on its counterclaim against [relator for her failure to attempt
arbitration of her attorney=s fees claim before
intervening in Duncan Land=s suit].  [Relator] filed a notice of appeal appealing
this order on September 15, 2005. 

 

The parties
arbitrated the fee dispute in October 2005. 
The arbitrator awarded [relator] $4,625.25, after offsetting the trial
court=s $3,000 attorney=s fees award on [Duncan Land=s] counterclaim.  [Relator]
filed an application to confirm the arbitration award on November 16, 2005,
along with a AFirst
Amended Answer to Counterclaim and Counter-Motion for Sanctions.@  On November 22, 2005, the
trial court signed a final judgment confirming the arbitrator=s award and severing the counterclaim, thus making its August 25, 2005
order final. 








Smith,
2006 WL 2034031, at *2.  According to
relator, she did not appeal the November 22, 2005 judgment severing the two
causes of action, which is the only judgment containing an appellate attorney=s fees award; instead, she appealed from the August 25, 2005 judgment,
which was severed from the November 22, 2005 judgment and which does not
contain a conditional award of appellate attorney=s fees.  Real parties contend
that the appellate attorney=s fees award in the November 22, 2005 judgment was meant to apply to
an appeal of the August 25, 2005 judgment and that they are entitled to proceed
with discovery on their $10,000 judgment against her.  








The general rule is that a
judgment is to be construed in the same manner as are other written
instruments, and as written.  Bankers
Home Bldg. & Loan Ass=n v. Wyatt, 139 Tex. 173, 162 S.W.2d
694, 695 (1942); Lohse v. Cheatham, 705 S.W.2d 721, 726 (Tex. App.CSan Antonio 1986, writ dism=d).  Judgments should be
construed as a whole to harmonize and give effect to the entire decree.  Shanks v. Treadway, 110 S.W.3d 444,
447 (Tex. 2003); Wilde v. Murchie, 949 S.W.2d 331, 333 (Tex. 1997).  If taken as a whole and construed according
to well known rules, a judgment is unambiguous, no room is left for
interpretation, and it is the duty of the court to declare the judgment=s effect in the light of the literal meaning of the language
used.  Reiss v. Reiss, 118 S.W.3d
439, 441 (Tex. 2003); Acosta v. Acosta, 836 S.W.2d 652, 654 (Tex. App.CEl Paso 1992, writ denied); Lohse, 705 S.W.2d at 726.

Here, the only document
providing for the payment of $10,000 in attorney=s fees in the event of an unsuccessful appeal by relator is the
November 22, 2005 judgment.  The first
paragraph of that judgment severs the August 25, 2005 judgment and orders that
it be assigned a new cause number; the second paragraph states that the August
25, 2005 judgment is Aa final
judgment, subject to appeal.@  In the third through fifth
paragraphs, the trial court confirms the arbitration award in relator=s favor, orders that award offset by the amount of the August 25, 2005
judgment (which the trial court refers to as Athe trial court judgment . . . signed August 25, 2005@), and enters a judgment confirming the arbitration award in relator=s favor.  The conditional
appellate attorney=s fees
provision is contained in the sixth paragraph and reads as follows:

IT IS FURTHER ORDERED by the
Court that Brian Duncan and Duncan Land & Exploration, Inc. shall have of
and recover from Intervenor Dee Ann Smith in the event of an appeal of this
judgment by Dee Ann Smith to the Court of Appeals, if the appeal is
unsuccessful, the additional sum of $10,000 (Ten Thousand and No/100 Dollars)
as reasonable and necessary attorney=s fee[s] and in the further event of further appeal by Dee Ann Smith
to the Supreme Court of Texas and is unsuccessful, Brian Duncan and Duncan Land
& Exploration, Inc. will be entitled to recover of and from Dee Ann Smith
the additional sum of $7,500 (Seven Thousand Five Hundred and No/100 Dollars).

[Emphasis added.]








Here, the words, Athis judgment,@
unambiguously apply to the November 22, 2005 judgment in which they are
contained.  They clearly do not apply to
the August 25, 2005 judgment, which had already been severed in a prior
paragraph and specifically ordered to be a final, appealable order with a
different cause number.  The remainder of
the judgment relates to matters dealing only with the arbitration award.  Real parties contend that the attorney=s fees provision should be interpreted to mean that Aif the judgment for Duncan of $3000 attorney fees was severed from the
main suit and was appealed by [relator], and was unsuccessful, . . . Duncan is
entitled to $10,000 attorney fees by the agreed judgment [relator] signed and
approved.@  But this is too broad a reading of that
provision; there is no such language indicating an intent to apply the
conditional appellate attorney=s fees provision to the August 25, 2005 judgment.








Relator appealed only the
August 25, 2005 judgment ordering her to pay real parties $3,000 in attorney=s fees.  Accordingly, real
parties are not entitled to attorney=s fees or discovery based on relator=s unsuccessful appeal of that judgment, which had no provision for
attorney=s fees.  See Tex. R. Civ. P. 621a (providing
discovery procedures for enforcement of a judgment); Hines v. Villalba,
231 S.W.3d 550, 553 (Tex. App.CDallas 2007, no pet.) (AIt is clear, however, that when exercising the powers of enforcement,
a court may not issue an order that is inconsistent with the final judgment or
that constitutes a material change to the judgment.@).  No one appealed the November
22, 2005 judgment severing the two cases and affirming the arbitration award;
that judgment became final long before this postjudgment attorney=s fees and discovery dispute arose. 
See Tex. R. Civ. P.
329b(d).  Thus, real parties are not
entitled to attorney=s fees under
the terms of the November 22, 2005 judgment either.  Because real parties are attempting to obtain
discovery without a judgment entitling them to such discovery, the trial court
abused its discretion by denying relator=s motion for protective order.  See
Tex. R. Civ. P. 621a; Noorian
v. McCandless, 37 S.W.3d 170, 174 (Tex. App.CHouston [1st Dist.] 2001, pet. denied).








The requested discovery is
quite extensive and requires relator to answer personal information about her
finances.  The trial court has awarded
attorney=s fees against her for pursuing her motion for protective order.  She is faced with the choice of either paying
$10,000 or answering the discovery in connection with an attempt to collect
appellate attorney=s fees for
which real parties have no judgment. 
Thus, she does not have an adequate remedy by appeal and mandamus is
appropriate.  See In re Graco Children=s Prods., Inc., 210 S.W.3d 598,
600-01 (Tex. 2006) (holding that an overly broad discovery order is an abuse of
discretion for which mandamus is a proper remedy).  We sustain relator=s third issue.

Motion to Compel Arbitration

Relator also complains about
the trial court=s denial of
her motion to compel arbitration of the dispute.  Relator moved to compel arbitration under
section 171.081 of the Texas General Arbitration Act based on the broad
arbitration provision in her engagement letter with real parties in the
original litigation.  Tex. Civ. Prac. & Rem. Code Ann. ' 171.001, .081 (Vernon 2005); see also Smith, 2006 WL 2034031,
at *2-3.  But we do not have jurisdiction
to review the trial court=s denial of
her motion to compel under the TGAA in an original proceeding; we review such
orders by interlocutory appeal.  Tex. Civ. Prac. & Rem. Code Ann. ' 171.098(a)(1) (Vernon 2005); Jack B. Anglin Co. v. Tipps, 842
S.W.2d 266, 272 (Tex. 1992); In re Citigroup Global Mkts., Inc., 202
S.W.3d 477, 480 (Tex. App.CDallas 2006, orig. proceeding). 
Accordingly, we dismiss relator=s fourth issue and her remaining issues to the extent they complain
about the trial court=s denial of
her motion to compel arbitration.








Attorney=s Fees

In her fifth
issue, relator contends that the trial court abused its discretion by awarding
real parties $3,500 in attorney=s fees as sanctions for her filing groundless and frivolous pleadings.









Real parties moved for
sanctions under rules 13 and 215.2(b)(8). 
Tex. R. Civ. P. 13,
215.2(b)(8).  Rule 13 authorizes a trial
court to impose sanctions on a party for filing groundless pleadings.  Tex.
R. Civ. P. 13.  Rule 13 defines Agroundless@ as having Ano basis in law or fact and not warranted by good faith argument for
the extension, modification, or reversal of existing law.@  Id.  Rule 215.2(b)(8) allows a trial court to
impose sanctions for a party=s failure to properly respond to a discovery request or order.  Tex.
R. Civ. P. 215.2(b)(8).  A trial
court may award a party its attorney=s fees as a sanction under rules 13 and 215.2(b)(8).  Tex.
R. Civ. P. 13, 215.2(b)(8); Falk & Mayfield L.L.P. v. Molzan,
974 S.W.2d 821, 823 (Tex. App.CHouston [14th Dist.] 1998, pet. denied).  Under rule 13, a trial court must hold an
evidentiary hearing to make the necessary factual determinations about the
motives and credibility of the person signing the allegedly groundless
petition.  E.g., Houtex Ready Mix
Concrete & Mats. v. Eagle Constr. & Envir. Svcs., 226 S.W.3d 514,
522 (Tex. App.CHouston [1st
Dist.] 2006, no pet.); Med. Specialist Group, P.A. v. Radiology Assoc.,
L.L.P., 171 S.W.3d 727, 737 (Tex. App.CCorpus Christi 2005, writ denied); Smith, 2006 WL 2034031, at
*4.

Here, we have already
determined that relator=s defense to
the propounded discovery has merit; thus, the trial court abused its discretion
by awarding sanctions based on the allegations that her pleadings were
groundless and brought in bad faith.[4]  See Houtex Ready Mix Concrete & Mats.,
226 S.W.3d at 522.  Moreover, although
the trial court held at least one hearing on sanctions, its August 23, 2007
order specifically states that Ano testimony of witnesses would be helpful to the court as the court[>]s rulings in this cause were based upon questions of law only.@  Accordingly, the trial court=s own order shows that no evidentiary hearing was held as required by
rule 13.  Thus, we conclude that the
trial court abused its discretion by awarding sanctions of $3,500 plus costs in
the August 23, 2007 order.








However, a party against whom
sanctions are assessed in a postjudgment discovery dispute has an adequate
remedy by appeal.  In re Smith,
192 S.W.3d 564, 569 (Tex. 2006); Arndt v. Farris, 633 S.W.2d 497, 500
(Tex. 1982).  Accordingly, relator is not
entitled to mandamus relief regarding the sanctions part of the trial court=s order.  We overrule her fifth
issue.

Conclusion

Having
determined that mandamus relief is proper only on relator=s third issue, we conditionally grant the writ of mandamus and order
the trial court to vacate the part of its August 23, 2007 order denying relator=s motion for protective order and enter a protective order prohibiting
further discovery on this matter.[5]  A writ of mandamus will issue only if the
trial court fails to comply with these instructions.  The temporary stay issued by this court will
remain in effect until the trial court complies with this court=s ruling, at which time it will automatically terminate.

 

 

TERRIE LIVINGSTON

JUSTICE

 

PANEL B:   LIVINGSTON, GARDNER,
and WALKER, JJ.

DELIVERED: 
October 30, 2007











[1]See Tex. R. App. P. 47.4.





[2]Real
parties hired relator in February 2003; sometime before February 2004, real
parties discharged relator and hired new counsel to continue their
lawsuit.  Id. at *1.





[3]We
note that the trial court has patiently heard numerous postjudgment motions
filed by both parties and presided over at least three hearings on this same
matter. 





[4]We
acknowledge that relator=s
pleadings are not the model of clarity; however, the substance of her complaint
is discernable, and she is entitled to relief on her complaint.





[5]Having
granted relator relief on her third issue, we need not address her first and
second issues.  See Tex. R. App. P. 47.1; Horsley-Layman
v. Adventist Health Sys./Sunbelt, Inc., 221 S.W.3d 802, 809 (Tex. App.CFort
Worth 2007, pet. denied).